UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

MICHAEL E. MCINERNEY,

    Debtor.
_____/

Case No. 11-58953-TJT
HON. THOMAS J. TUCKER

DANIEL M. McDERMOTT,
United States Trustee,

    Plaintiff,

vs.

MICHAEL E. MCINERNEY,

    Defendant.
_____/

Adversary Proceeding
No. 12-4930

## OBJECTION TO U.S. TRUSTEES MOTION FOR SUMMARY JUDGMENT

Michael E. McInerney ("Defendant"), hereby objects to the United States Trustee's Motion for Summary Judgment (the "Motion"), and in support of this Objection, Defendant states as follows:

1. Contrary to the allegations in the Motion, while Basil Simon ("Simon") was appointed as Trustee in the case of MEM Investments, LLC, and while Basil Simon was added as a signatory on the bank accounts of MEM Investments, LLC and its affiliates (the "Accounts") shortly after his appointment, Defendant remained as a signatory on the accounts and continued to have access to online management of the accounts for several months thereafter, at the direction and with the full knowledge of Simon.

2. At Simon's direction and with his full knowledge, numerous checks bearing Defendant's signature were issued and negotiated on the Accounts subsequent to Simon's appointment and for several months thereafter.

3. At Simon's direction and with his full knowledge, subsequent to Simon's appointment and for several months thereafter, Defendant managed the Accounts via the bank's online banking system on a daily basis, and Defendant communicated with Simon as to the status of the Accounts on a regular basis, at least several times per week.

4. Contrary to the allegations set forth in the Motion, the two checks at issue represented reimbursement of specific expenses for which Defendant had been reimbursed by MEM Investments, LLC for a period of years prior the commencement of the MEM Investments, LLC Chapter 11 case and throughout the pendency of that case, and to which Defendant was entitled pursuant to the Cash Collateral Order entered by this court in the MEM Investments, LLC case.

5. Based on these facts, Defendant had authority from Simon with respect to the Accounts, and was entitled to reimbursement of the expenses paid by the two checks at issue, and therefore the acts of Defendant were justifiable, Defendant did not have the requisite intent to hinder, delay or defraud the Chapter 11 Trustee, and Defendant did not have the requisite knowledge or fraudulent intent, as required under 11 U.S.C. Sec. 727 (a) (2), (3) or (4).

5. Accordingly, at a minimum there exists genuine issues of material fact with respect to the allegations set forth in the Motion, and therefore summary judgment is not warranted.

Wherefore, Defendant respectfully requests that the Court deny the Motion and grant such other relief as the Court deems necessary or appropriate.

November 6, 2012

Michael E. McInerney, Defendant
4086 Nearbrook Road
Bloomfield Hills, MI 48302
248-709-3535