UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 11-58953-TJT |
| **MICHAEL E. McINERNEY,** *pro se*, | Chapter 7 |
| Debtor. | JUDGE THOMAS J. TUCKER |
| _____/ | |
| **DANIEL M. McDERMOTT,** **United States Trustee,** | |
| | Adversary Case No. 12-4930 |
| Plaintiff, | |
| v. | |
| **MICHAEL E. McINERNEY,** *pro se*, | |
| Defendant. | |
| _____/ | |

## FINAL PRETRIAL ORDER

*This adversary proceeding came before the Court on November 19, 2012 for a final pretrial conference. Counsel for Plaintiff appeared. The Defendant failed to appear. As a result of the final pretrial conference, the Court now enters this final pretrial order, which will govern further proceedings.*

*IT IS SO ORDERED.*

**1.  Jurisdiction**

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157(b)(2)(J), and pursuant to 28 U.S.C. § 1334. The parties do not contest the jurisdiction of the Court to hear and determine this matter and to enter appropriate final orders and judgments in this case.

**2.  Plaintiff's Claims**

Michael McInerney filed for relief under Chapter 11 on July 12, 2011.

Defendant was the President and person in control of MEM Investments, LLC ("MEM"). Defendant, as President of MEM, caused MEM to file a voluntary petition under Chapter 11 on August 30, 2010, Case# 10-67143-tjt. Defendant was also the President and person in control of a number of other companies, being operating and non-operating subsidiaries of MEM, including Post Six, Inc. d/b/a Post Bar Novi ("Post Six"). Defendant, as President of Post Six, caused Post Six to file a voluntary petition under Chapter 11 on August 30, 2010, Case# 10-67149-tjt. From at least August 2010 through January 2012 and to present, Defendant was and is the Resident Agent and President of Post Six.

The Post Six case, Bankr. E.D. Mich. Case No. 10-67149, filed on August 30, 2010, was filed less than one year prior to the Defendant's current bankruptcy case, filed on July 12, 2011. Post Six is an insider of Defendant as defined under 11 U.S.C. §101(31) of the U.S. Bankruptcy Code. Defendant is also an insider of Post Six as defined under 11 U.S.C. §101(31) of the U.S. Bankruptcy Code.

On November 18, 2011, an Order was entered appointing Basil Simon as the Chapter 11 Trustee for the jointly administered cases under MEM, including for Post Six (Case# 10-67143, Docket# 317).

On or about Monday, November 21, 2011 Basil Simon, in his capacity as Chapter 11 Trustee for the MEM jointly administered cases including Post Six, met with Defendant and a branch manager named Mr. Jason Gresock at a branch of Citizens Bank in Lake Orion, MI (where the MEM Debtors, including Post Six, had their Debtor in Possession (DIP) bank accounts). Defendant was informed him that he was no longer authorized to write checks for any of the MEM joint debtors, including specifically Post Six. Citizens Bank was where the MEM

Debtors, including Post Six, had their Debtor in Possession (DIP) bank accounts. During that November 21, 2011 meeting at Citizens Bank the necessary forms were filled out removing Defendant as a signatory on the MEM and related Debtor, including Post Six, DIP bank accounts. As of November 21, 2011, Defendant was aware he no longer had check writing authority to write any checks from the Post Six Citizens Bank DIP account.

As of November 21, 2011, Defendant was informed by Basil Simon that he was also no longer going to receive any payment or salary from any of the MEM Debtors, which would include Post Six.

In or about early February 2012, Basil Simon, during a review of the bank accounts for the MEM debtors discovered that two checks dated in January 2012 had been drafted from the Citizens Bank DIP account of Post Six and signed by Defendant. The funds from both checks constitute property of the Post Six bankruptcy estate. The first check was Post Six check number 10159, dated what appears to be 1/15/12, in the amount of $1648.24 made payable to the order of BMW Financial Services and bearing Defendant's signature. The second check was Post Six check number 10160, dated what appears to be 1/15/12, in the amount of $1342.69 made payable to the order of Detroit Athletic Club and bearing Defendant's signature.

The use and signing of the two Post Six checks (numbers 10159 and 10160) by Defendant was not authorized by or consented to by the Chapter 11 Trustee of Post Six, Basil Simon. Defendant wrote and signed (or caused to be signed by using a stamp) the two Post Six checks (numbers 10159 and 10160). Defendant used Post Six check number 10159 to pay for personal expenses of the Defendant, being two months of Defendant's BMW car payments and Defendant used Post Six check number 10160 to pay for personal expenses of the Debtor, being

3

multiple months of Defendant's membership at the Detroit Athletic Club. The Defendant to date has failed to re-pay the Post Six estate the amounts of either of the two Post Six checks used by Defendant.

The Defendant's acts of signing and using the two Post Six checks (numbers 10159 and 10160) transferred, removed or concealed or permitted to be transferred, removed and concealed property of the Post Six estate, with the requisite intent to hinder, delay or defraud an officer of the estate charged with custody of such property, being the Chapter 11 Trustee, Basil Simon, under 11 U.S.C. § 727(a)(2). The Defendant acts of signing and using the two Post Six checks (numbers 10159 and 10160) concealed from the Chapter 11 Trustee Basil Simon and/or falsified information, including books, documents, records and papers from which the financial condition or business transactions of the Post Six estate could be ascertained, which acts were not justified under all of the circumstances of the case, under 11 U.S.C. § 727(a)(3). Finally, the Defendant's acts of signing and using the two Post Six checks (numbers 10159 and 10160) concealed from an officer of the estate, being the Chapter 11 Trustee of the Post Six estate, Basil Simon, entitled to possession of recorded information, including books, documents, records and papers relating to the Debtor's property or financial affairs, with the requisite knowledge and fraudulent intent under 11 U.S.C. § 727(a)(4).

The Defendant's actions allow for Defendant's discharge to be denied pursuant to 11 U.S.C. § 727(a)(7).

 3. **Defendant's Claims**

Defendant claims the two checks at issue represented reimbursement of specific expenses for which Defendant had been reimbursed by Mem investments, LLC for a pendency

4

of years and throughout that case and that Defendant was entitled pursuant to the Cash Collateral Order entered in the MEM Investments, LLC case to be reimbursed. Further, that Defendant had authority form Basil Simon and was entitled to the reimbursement of the expenses. That the acts of Defendant were justifiable and were not done with the requisite intent to hinder, delay ro defraud the Chapter 11 Trustee and Defendant did not have the requisite knowledge or fraudulent intent as required under 11 U.S.C. Sec. 727 (a)(2)(3) or (4) for a denial of discharge under (a)(7).

**4.    Stipulation of Facts**

A.   Defendant filed for Chapter 11 Bankruptcy Relief on July 12, 2011.

B.   The Post Six case, Bankr. E.D. Mich. Case No. 10-67149, filed on August 30, 2010, was filed less than one year prior to the Defendant's current bankruptcy case.

C.   Defendant was the President and person in control of MEM Investments, LLC ("MEM"). Defendant, as President of MEM, caused MEM to file a voluntary petition under Chapter 11 on August 30, 2010, Case# 10-67143-tjt.

D.   Defendant was also the President and person in control of a number of other companies, being operating and non-operating subsidiaries of MEM, including Post Six, Inc. d/b/a Post Bar Novi ("Post Six"). Defendant, as President of Post Six, caused Post Six to file a voluntary petition under Chapter 11 on August 30, 2010, Case# 10-67149-tjt.

E.   On November 18, 2011, an Order was entered appointing Basil Simon as the Chapter 11 Trustee for the jointly administered cases under MEM, including for Post Six (Case# 10-67143, Docket# 317)

F.   From at least August 2010 through January 2012 and to present, Defendant was and is the Resident Agent of Post Six.

G.   A check from the Post Six Debtor in Possession (DIP) account, check# 10159, dated what appears to be 1/15/12, in the amount of $1648.24 was made payable to the order of BMW Financial Services. That check bears the Defendant's signature and was used to pay for Defendant's personal expenses, i.e. more than one month of his BMW car payment.

H.   A second check from the Post Six DIP account, check number 10160, dated what appears

to be 1/15/12, in the amount of $1342.69 was made payable to the order of the Detroit Athletic Club. That check bears the Defendant's signature and was used to pay for Defendant's personal expenses, i.e. more than one month of his Detroit Athletic Club membership dues.

I. On or about Monday, November 21, 2011 Basil Simon, in his capacity as Chapter 11 Trustee for the MEM jointly administered cases including Post Six, met with Defendant and a branch manager named Mr. Jason Gresock at a branch of Citizens Bank in Lake Orion, MI which is where the MEM Debtors, including Post Six, had their DIP bank accounts.

J. As of November 21, 2011, Defendant was informed by Basil Simon that he was also no longer going to receive any salary from any of the MEM Debtors, which would include Post Six.

K. This adversary proceeding was filed May 17, 2012 and was filed within the time frame allowed to file a Complaint Objecting to Discharge.

L. Defendant timely filed an Answer to the Adversary Complaint.

**5.** **Issues of Fact to be Litigated**

1. Whether the Defendant's acts of signing and using the two Post Six checks (numbers 10159 and 10160) transferred, removed or concealed or permitted to be transferred, removed and concealed property of the Post Six estate with the requisite intent to hinder, delay or defraud an officer of the estate charged with custody of such property, being the Chapter 11 Trustee, Basil Simon.

2. Whether the Defendant acts of signing and using the two Post Six checks (numbers 10159 and 10160) concealed from the Chapter 11 Trustee Basil Simon and/or falsified information, including books, documents, records and papers from which the financial condition or business transactions of the Post Six estate could be ascertained, which acts were not justified under all of the circumstances of the case.

3. Whether the Defendant's acts of signing and using the two Post Six checks (numbers 10159 and 10160) concealed from an officer of the estate, being the Chapter 11 Trustee of the Post Six estate, Basil Simon, entitled to possession of recorded information, including books, documents, records and papers relating to the Debtor's property or financial affairs, with the requisite knowledge and fraudulent intent.

4. Whether at the November 21, 2011 meeting at Citizens Bank, Defendant was informed by Basil Simon that Defendant was no longer authorized to write checks for any of the MEM joint debtors, including specifically Post Six.

5. Whether as of November 21, 2011, Defendant was aware he no longer had check writing authority to write any checks from the Post Six Citizens Bank DIP account.

6. Whether the Defendant was entitled to reimbursement of expenses under the Cash Collateral order.

7. Whether from at least August 2010 through January 2012 and to present, Defendant was and is the President of Post Six.

8. Whether as of November 21, 2011, Defendant was informed by Basil Simon that he was also no longer going to receive any payment for salary or expenses from any of the MEM Debtors, which would include Post Six.

**6.     Issues of Law to be Litigated**

Whether the Plaintiff has satisfied all the elements necessary under Count I. for denial of Defendant's discharge under 11 U.S.C. §727(a)(7) including if Defendant's actions would show a of denial of discharge was warranted under 11 U.S.C. §727(a) (2),(3) and/or (4).

For Plaintiff see: *In re Monus*, 294 BR 707 (Bankr. ND Ohio 2003); *In Matter of Krehl*, 86 F. 3d 737(Seventh Cir. 1996); and *In re Adams*, 31 F.3d 389 (Sixth Cir. 1994).

**7.     Evidence Problems Likely to Arise at Trial**

No evidence problems are anticipated by the parties.

**8.     Witnesses**
**(I) Plaintiff's Witnesses**

1. Basil Simon, Chapter 11 Trustee for MEM Investments, LLC and Post Six., Inc.
2. Jason Gresock and/or other representative of Citizens Bank


**(II) Defendant's Witnesses**

1. Michael McInerney

**9.     Exhibits**

**(I) Plaintiff's Exhibits**

1.  Petition and Resolution Case# 10- 67149 tjt Court [Docket#1]

2.     Petition for Case# 11- 58953 tjt [Docket#1]

3.      Citizens Bank forms adding Basil Simon and removing Defendant as signatory on the Post Six DIP accounts

4.      Transcript of 2004 Examination of Basil Simon dated May 1, 2012

5.      Deposition transcript of Jason Gresock dated September 18, 2012

6.      Post Six check number 10159 dated 1/15/12 in the amount of $1648.24 made payable to the order of BMW Financial Services

7.      Post Six check number 10160 is dated 1/15/12 in the amount of $1342.69 made payable to the order of Detroit Athletic Club

8.      Transcript of 2004 Examination of Defendant dated June 18, 2012

9.      The Bankruptcy Court Docket for this case and all filings regarding same.

10. The Bankruptcy Court Docket for case #10- 67149 and all filings regarding same.

**(II) Defendant's Exhibits**

A. The Cash Collateral Order [Docket # 57]

**10.     Damages**

 No damages sought

**11.     Trial**

 A. Non-Jury trial.
 B. Estimated length of trial:  one to two days.

**12.     Settlement**

This case is brought by the United States Trustee and does not seek damages.  Settlement under these circumstances is unlikely.

**13.     Trial Briefs, Findings and Instructions**

8

*Trial briefs, and proposed findings of fact and conclusions of law, are optional. If any party wishes to file any such documents, he must do so no later than the Friday before trial begins.*

.

**Signed on November 20, 2012**

                                               /s/ Thomas J. Tucker
                                              Thomas J. Tucker
                                              United States Bankruptcy Judge