UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-58953-TJT

**MICHAEL E. McINERNEY,**  Chapter 11

    Debtor.  HON. THOMAS J. TUCKER
_____/
**DANIEL M. McDERMOTT,**
**United States Trustee,**

    Plaintiff,

Adversary Proc. No. 12-4930

v.

**MICHAEL E. McINERNEY,**

    Defendant.
_____/

**UNITED STATES TRUSTEE'S REPLY TO DEFENDANT'S
OBJECTION TO U.S. TRUSTEE'S MOTION FOR SANCTIONS**

Daniel M. McDermott, United States Trustee, Plaintiff in the above captioned adversary proceeding, for his reply to Defendant's Objection to U.S. Trustee's Motion for Sanctions states:

1. The United States Trustee filed its Motion for Sanctions against Defendant (Docket#14) for Defendant's failure to comply with this Court's Adversary Proceeding Scheduling Order (Docket# 9) and provide documents pursuant to F.R.Bankr.P. 7037 and 11 U.S.C. § 105.

2. On November 6, 2012 Defendant filed his Objection to U.S. Trustee's Motion for Sanctions (Docket#18).

3. While Defendant indicates the Plaintiff has not been prejudiced, that is not the standard. The violation is the failure to comply with a Court Order, regardless of prejudice. That

said, the U.S. Trustee was prejudiced because, until the U.S. Trustee and Defendant went over information to put in the Joint Final Pre-Trial Order, the U.S. Trustee did not know exactly which witnesses and what documents Defendant intended to rely on at trial.

4. The Court's Adversary Proceeding Scheduling Order also indicated in Section III that a final pretrial conference in this matter would be held on November 19, 2012 at 9:00 am. (Docket# 9).

5. Defendant failed to appear at the final pre-trial conference.

6. Defendant was contacted by telephone by U.S. Trustee's counsel and indicated the final pre trail conference was not on his calendar and he was not able to attend, which information was relayed to the Court.

7. Fed. R. Civ. P. 16 is made applicable to these proceedings pursuant to Fed. R. Bankr. P. 7016 and a Court is authorized to hold a final pretrial conference in order to help manage its docket under Fed. R. Civ. P. 16(e) and it is mandated that a final pretrial conference must be attended by a representative or attorney for each party. See Fed. R. Civ. P. 16(e).

8. Fed. R. Civ. P. 16(f) (1) states in pertinent part:

(f) Sanctions.

> **(1) *In General*.** On motion or on its own, the court may issue any just orders including those authorized by Rule 37 (b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> > **(A)** fails to appear at a scheduling or other pretrial conference;
>
> > \* \* \*
>
> > **(C)** fails to obey a scheduling or other pretrial order.

9.      A violation of this Court's Scheduling Order under Fed. R. Civ. P. 16(f) (1) (A) and (C) authorizes the Court to impose the sanctions as authorized under Fed. R. Civ. Rule 37(b) (2) (A) (ii)-(vii). See *Link v. Wabash R. Co.,* 370 U.S. 628, 82 S. Ct. 1386 (1962)(District Court's dismissal after plaintiff failed to appear at pretrial conference upheld); *Admiral Theatre Corp. v. Douglas Theatre*, 585 F2d. 877, 897-898 (Eighth Cir. 1978)(District court has discretion to exclude exhibits or refuse to permit the testimony of a witness not listed prior to trial in contravention of its pretrial order); *Lucas Automotive Engineering, Inc. v Bridgestone/Firestone, Inc.*, 275 F.3d 762,769 (Ninth Cir. 2001)(Sanctioning a party for failure to appear for a scheduled mediation); *Templet v. HydroChem, Inc.*, 367 F.3d 473,481 (Fifth Cir. 2004) (Sanctions, including dismissal, may be based on failure to obey a scheduling or pre-trial order of failing to appear at a pre-trial conference).

10.     Pursuant to Fed. R. Civ. P. 37, the Court may impose various sanctions including: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party clams; (ii) prohibiting the disobeying party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; ... (v) dismissing the action or pleading in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order ... Further, instead of or in addition to the previous remedies, the court must order the disobedient party, the attorney advising the party, or both to pay reasonable expenses, including attorney fees, caused by the failure, unless the failure was substantially justified or other circumstances make the award of expenses unjust. Fed. R. Civ. P 37(b) (1) and (b) (2) (A) and (C). See *Velez v. Awning Windows, Inc.,* 375 F.3d 35, 42 (First Cir. 2004)( Rule 16(f) incorporates the discovery sanctions found in

Rule 37 such as refusing to allow a party to support or oppose designated claims or defenses); *Bronk v. Ineichen*, 54 F.3d 425, 432 (Seventh Cir. 1995)(Excluding testimony of witness not named in pretrial statement); and *Hathcock v. Navistar Int'l Transp. Corp.,* 53 F.3d 36, 40 (Fourth Cir. 1995)(Default can be an appropriate sanction for failure to obey scheduling orders).

11. Based on the additional violation of this Courts Scheduling Order by Defendant's failure to appear on November 19, 2012 at the final pretrial conference, the United States Trustee asks the Court again to prohibit the Defendant from opposing any claims made by the United States Trustee in the Adversary Complaint and that all facts in the U.S. Trustee's Motion for Summary Judgment filed in this matter be deemed as true and the U.S. Trustee's Motion for Summary Judgment be granted, from supporting any defenses asserted by Debtor, from introducing any other documents into evidence at trial or otherwise which have not already been provided to the office of the U.S. Trustee as of October 22, 2012, pursuant to Fed. R. Civ. P. 37(b) (2) (A), made applicable to these circumstances by Fed. R. Bankr. P. 7037.

12. In addition, the United States Trustee asks the Court to render a default judgment against the Defendant, also pursuant to Fed. R. Civ. P. 37(b) (2) (A), made applicable to these circumstances by Fed. R. Bankr. P. 7037.

13. Finally, the United States Trustee asks the Court to order the Defendant to pay the United States Trustee the reasonable expenses, caused by their failure to comply with the Court's Scheduling Order, also pursuant to Fed. R. Civ. P. 37(b) (2) (C) and (d) (3), made applicable to these circumstances by Fed. R. Bankr. P. 7037.

**WHEREFORE**, the United States Trustee respectfully requests that this Court:

    i. Grant the United States Trustee's Motion for Sanctions and enter an Order:

ii. prohibiting the Defendant from opposing any claims made by the United States Trustee in the Adversary Complaint; that all facts in the U.S. Trustee's Motion for Summary Judgment filed in this matter be deemed as true; and the U.S. Trustee's Motion for Summary Judgment be granted;

iii. prohibiting the Defendant from supporting any defenses asserted by Defendant to the United States Trustees Adversary Complaint;

iv. prohibiting the Defendant from introducing any other documents into evidence at trial or otherwise which have not already been provided to the office of the U.S. Trustee as of October 22, 2012;

v. rendering a default judgment against the Defendant;

vi. requiring the Defendant to pay the reasonable expenses to the office of the U.S. Trustee caused by his failure to comply with the Court's Scheduling Order in the amount of $250.00, payable within fourteen (14) days; and

vii. grant any further sanctions or relief as this Court deems appropriate.

Respectfully submitted,

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9

By  /s/ Richard A. Roble (P51429)
Richard.A.Roble@usdoj.gov
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-6769

Dated: December 6, 2012